IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | | |
|---|---|---|
| **ESTHER VEGA,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Cause No. _____ | |
| § | | |
| **UNITED STATES OF AMERICA,** § | | |
| **and CITY OF LAS CRUCES,** § | | |
| Defendants. § | | |
| § | **Non-Jury** | |
| § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Comes Now, Plaintiff, Esther Vega (hereinafter, "Plaintiff"), complaining of the United States of America, and the City of Las Cruces (hereinafter collectively referred to as "Defendants"), and respectfully shows as follows.

### Jurisdiction and Venue.

1. Plaintiff is an individual and a resident of Las Cruces, Dona Ana County, in the State of New Mexico.

2. Defendant, the United States of America, is a governmental entity that can be served with process by delivering a copy of this complaint and a summons providing for sixty days in which to answer this complaint, as required by Rule 12(a)(2) of the Federal Rules of Civil Procedure, via registered or certified mail to the following:

The Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

*and*

Ms. Diane Tapia
Civil Process Clerk
Office of the United States Attorney for the District of New Mexico
201 3rd Street, N.W.
Suite 900
Albuquerque, New Mexico 87102

3. Defendant, the City of Las Cruces, is an incorporated municipality located in Doña Ana County, New Mexico. The City of Las Cruces can be served through the Las Cruces City Clerk, 700 N. Main, Las Cruces, New Mexico, 88001, or wherever he/she may be found.

4. As it relates to Defendant, the United States of America, this action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. As such, this Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b). And pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over all other claims asserted herein.

5. On March 13, 2014, Plaintiff filed an administrative tort claim with the Federal Bureau of Investigation as required by 28 U.S.C. § 2675(a). More than six months have passed since Plaintiff filed her claim. Accordingly, Plaintiff is authorized to file suit in accordance with 28 U.S.C. § 2675.

6. Proper and timely notice of this claim was also given in writing to the City of Las Cruces by Plaintiffs on March 5, 2014.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b) as Plaintiff resides within the District of New Mexico, Las Cruces Division.

**Factual Allegations.**

8. On or about February 25, 2014, Plaintiff was driving her vehicle southbound on North Mesquite Street, in Las Cruces. At the same time, Paul Lujan was driving northbound on North Mesquite Street, when, suddenly and without warning, he made a left turn across

Plaintiff's path of travel, causing a collision.  Paul Lujan told the investigating police officer that he had simply not seen or noticed Plaintiff's vehicle, which clearly had the right of way.

9. According to information previously provided by a deputy city attorney for the City of Las Cruces, Paul Lujan, a police officer for the City, was working for a Federal Bureau of Investigation ("FBI") task force at the time of the subject accident, and was driving an FBI leased vehicle at the time.

10. As an operator of a motor vehicle using the public road system, Paul Lujan had a duty to use reasonable and prudent care.  Paul Lujan breached said duty by driving negligently and carelessly, thereby proximately causing Plaintiff's injuries and damages.  Paul Lujan was within the course and scope of his employment and/or agency with the FBI and/or the City of Las Cruces at the time of the accident, and/or was a borrowed servant of the City of Las Cruces and/or the FBI. at the time of the accident.  Accordingly, the United States of America is responsible for Paul Lujan's conduct pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and/or the doctrine of *respondeat superior*.   Similarly, and/or alternatively, the City of Las Cruces is responsible for Paul Lujan's conduct pursuant to the New Mexico Tort Claims act, common law, and/or the doctrine of *respondeat superior.*

### Negligence and Negligence *Per Se*.

11. Among other things, Paul Lujan was negligent in the following respects:

   (a) In failing to control speed as a person exercising ordinary care would have done under the same or similar circumstances;

   (b) In failing to keep a proper look out as a person exercising ordinary care would have done under the same or similar circumstances;

   (c) In failing to reduce his speed and/or apply his brakes in order to avoid a collision;

    (d) Driver inattention;

    (e) In failing to take evasive action;

    (f) By making a left turn when it was not safe to do so; and

    (g) By failing to yield the right of way to Plaintiff.

12. Paul Lujan's driving conduct was also violative of various New Mexico traffic laws, including but not limited to the following, thereby creating negligence *per se* liability:

> (a) New Mexico Motor Vehicle Code section 66-7-329, "Vehicles turning left at intersection," which mandates that the "driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard. . . . NMSA 1978, Section 66-7-329 (1978).
>
> (b) New Mexico Motor Vehicle Code section 66-7-325, "Turning movements and required signals," which mandates that: "No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in Section 66-7-322 NMSA 1978, or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety." NMSA 1978, § 66-7-325(A) (1978)

Plaintiff is a member of the class of persons for whom such statutes and other traffic ordinances and laws were designed and intended to protect.

13. The foregoing described acts, omissions, and statutory violations—whether taken separately or together—were the proximate cause of the accident at issue and thus, the injuries and damages sustained by Plaintiff as a result thereof.

## **Federal Tort Claims Act.**

14. Under the laws of the State of New Mexico, a private person would be liable to Plaintiff for the foregoing described acts, omissions, and statutory violations. Accordingly, The United States of America is liable for Paul Lujan's conduct pursuant to the Federal Tort Claims

Act, 28 U.S.C. § 2671 *et seq.*, and/or the doctrine of *respondeat superior*.   *See* 28 U.S.C. §§ 1346, 2674.

## Plaintiff's Damages.

15.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

(a) Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Las Cruces, New Mexico.

(b) Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

(c) Physical pain and suffering in the past;

(d) Physical pain and suffering in the future;

(e) Physical disfigurement in the past and future;

(f) Mental anguish in the past and future;

(g) Physical impairment in the past and future;

(h) Lost wages in the past and loss of earning capacity in the future; and

(i) Property damage.

16.   Additionally, as a direct, natural and proximate consequence of Defendants' negligence, Plaintiff has been unable to perform her duties in the household and participate in activities as she did prior to the accident.

17.   By reason of all of the above, Plaintiff suffered losses and damages in the amount of $1,010,000, for which she seeks judgment against Defendant.

## Plaintiff's Prayer for Relief.

*Wherefore, premises considered*, Plaintiff, Esther Vega, respectfully prays that Defendants, the United States of America and the City of Las Cruces, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants awarding damages in an amount not less than $1,010,000, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

**RUHMANN LAW FIRM**
5915 Silver Springs, Bldg. #1
El Paso, Texas 79912
(915) 845-4529
(915) 845-4534 Fax

By: */S/John L. Anderson*
**CHARLES J. RUHMANN, IV**
**JOHN LOMAX ANDERSON**
*Attorneys for Plaintiff,*
*Esther Vega*